UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIM SHIH,<br><br>                     Plaintiff,<br><br>-against-<br><br>BANKERS HEALTHCARE GROUP, LLC,<br><br>                     Defendant. | 24-CV-4277 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in West New York, New Jersey, brings this *pro se* action asserting claims under the Equal Credit Opportunity Act and state law. He sues Banks Healthcare Group, LLC, a financial company located in Syracuse, New York. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2); *see also Intuition Consol. Grp., Inc. v. Dick Davis Publ'g Co.*, No. 03-CV-5063 (PKC), 2004 WL 594651, at *4 (S.D.N.Y. Mar. 25, 2004) (applying Section 1391 in the context of a limited liability company).

Plaintiff alleges that Defendant violated his rights when it rejected his loan application. Plaintiff resides in West New York, New Jersey, and he states that Defendant is incorporated in the State of New York and maintains its principal place of business in Syracuse, New York. Nothing in the complaint suggests that any of the operative events occurred in this district or that Defendant resides in this district.[1] Venue therefore does not appear proper in this district under Section 1391(b)(1), (2). Even if the Court did assume that venue was proper in this district, because Defendant is located in Syracuse, Onondaga County, New York, which falls within the Northern District of New York, venue is proper in the Northern District of New York under Section 1391(b)(1).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Defendant, a financial institution that Plaintiff alleges denied him a loan, resides in Syracuse, New York, and it is reasonable to expect that relevant documents and witnesses would also be in Syracuse. Moreover, Plaintiff does not reside in this district, and he alleges no facts suggesting that any of the operative events occurred here. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 27, 2024
New York, New York

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge